IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN T. FRANCO, JR., § | | |
| TDCJ #490569, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-2473 | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER OF DISMISSAL

The Clerk's Office has received an assortment of pleadings from Martin T. Franco, Jr. (TDCJ #490569), who is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Liberally construed, Franco seeks leave to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the aggravated robbery conviction and life sentence that he received from the 33rd District Court of Llano County, Texas, in 1992. Franco, who appears *pro se*, also requests appointment of counsel. After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court **denies** permission to proceed and **dismisses** this case for reasons outlined briefly below.

I.   DISCUSSION

Court records show that Franco, who is currently incarcerated at the Ramsey I Unit in Rosharon, Texas, has filed more than thirty habeas corpus petitions in the federal district

courts. This record confirms that Franco has filed several unsuccessful federal habeas corpus petitions to challenge his 1992 aggravated robbery conviction. *See, e.g., Franco v. Johnson*, Civil No. 1:01-cv-238 (W.D. Tex. Aug. 15, 2001); *Franco v. Cockrell*, Civil No. 1:03-cv-280 (W.D. Tex. May 19, 2003); *Franco v. Dretke*, Civil No. 1:03-cv-926 (W.D. Tex. Dec. 23, 2003); *Franco v. Dretke*, Civil No. 1:05-cv-645 (W.D. Tex. Aug. 22, 2005). The Fifth Circuit has denied Franco's repeated requests for leave to file a successive habeas petition to challenge this conviction. *See In re Franco*, No. 02-50596 (5th Cir. 2002); *In re Franco*, No. 03-50544 (5th Cir. 2003); *In re Franco*, No. 04-41627 (5th Cir. 2005); *In re Franco*, No. 05-50806 (5th Cir. 2005). The Fifth Circuit has also warned Franco "that sanctions will be imposed if he continues to file repetitious or frivolous motions for leave to file successive habeas applications or attempts to file a successive habeas application directly with the district court." *In re Franco*, No. 04-51416 (5th Cir. 2006). In spite of this warning, Franco has continued to file successive challenges to his 1992 aggravated robbery conviction. *See, e.g., Franco v. Quarterman*, Civil No. G-07-0671 (S.D. Tex. Jan. 2, 2008); *Franco v. Quarterman*, Civil No. G-08-0185 (S.D. Tex. Oct. 17, 2008).

Franco has also filed repetitive complaints against parole officials regarding the denial of parole. *See Franco v. Texas Board of Pardons and Paroles*, Civil No. 1:03-cv-718 (W.D. Tex. Oct. 22, 2003); *Franco v. Texas Department of Criminal Justice*, Civil No. 1:08-cv-874 (W.D. Tex. Dec. 19, 2008); *Franco v. Bell*, Civil No. 1:10-cv-0018 (N.D. Tex.); *Franco v. Bell*, Civil No. H-10-0382 (S.D. Tex. Feb. 11, 2010). In those cases, the district courts have repeatedly explained to Franco that Texas inmates have no constitutional right to parole and

that his claims to the contrary are without merit. In one of those cases, the district court sanctioned Franco in the amount of $100.00 and issued the following preclusion order:

> Franco is **BARRED** from filing any complaint or petition in this district without prepayment of the filing fee unless the pleadings are accompanied by proof that all of the sanctions assessed against him have been satisfied *and* he has received advanced written permission to file from a United States District Judge or from a Judge of the United States Court of Appeals. Any pleadings filed contrary to this order may result in further sanctions, including additional monetary penalties.

*Franco v. Bell*, Civil No. H-10-0382 (S.D. Tex. Feb. 11, 2010) [Doc. # 4]. Franco does not reference the sanction imposed against him or the court order, entered in this district, which bars him from proceeding without prior permission. Franco acknowledges, however, that he has been precluded from pursuing relief in state and federal court because he has abused the writ.

Franco does not allege or show that he has paid the sanction levied against him in this district. Court records from Civil No. H-10-0382 reflect that the sanction remains unpaid. Moreover, Franco does not show that he has obtained authorization to proceed with a successive writ as required by 28 U.S.C. § 2244(b) and his petition, in this Court's view, clearly constitutes an abuse of the writ. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Accordingly, based on Franco's record of repetitive, vexatious litigation, the Court declines to grant him leave to proceed with his petition and denies his request for appointment of counsel.

## II. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion for leave to file a habeas corpus petition [Doc. # 1] is **DENIED** and this case is **DISMISSED** as an abuse of the writ.

2. The motion for appointment of counsel [Doc. # 2] is **DENIED**.

3. To the extent that one is required, a certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on July 15, 2011.

_____
Nancy F. Atlas
United States District Judge